FILED

**August 5, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

JON HOSCHEIT,                          )    SUMNER CHANCERY
                                       )    C. A. NO. 01A01-9709-CH-00493
         Plaintiff-Appellee            )
                                       )
                                       )
                                       )
                                       )
                                       )
vs.                                    )    HON. TOM E. GRAY
                                       )    CHANCELLOR
                                       )
                                       )
                                       )
                                       )
                                       )
JOHANNA G. HOSCHEIT,                   )    AFFIRMED AND REMANDED
                                       )
         Defendant-Appellant           )


F. DULIN KELLY, CLINTON L. KELLY and ANDY L. ALLMAN, Kelly & Kelly,
Hendersonville, for Appellant.


JOHN R. PHILLIPS, JR., Gallatin, for Appellee.


O P I N I O N


                                                McMurray, J.

This action began with a complaint filed by the appellee, Jon Hoscheit, (husband) seeking an absolute divorce from the appellant, Johanna G. Hoscheit (wife). After a bench trial, the court entered a final judgment granting an absolute divorce, custody of the parties' minor child to the father, dividing the marital estate and awarding alimony to the wife. From the judgment of the trial court the wife has appealed. We affirm the judgment of the trial court.

The wife presents the following issues for our consideration:

1.  The trial court erred in calculating the amount of alimony in futuro needed by the defendant/appellant per month in order to meet her needs and retain some semblance of the lifestyle she was accustomed to living.

2.  The trial court erred in requiring the defendant/appellant to dissipate her share of the marital estate in order to pay her attorney's fees.

3.  Wife would request the court to award her attorney's fees for prosecuting this appeal.

We enter upon our review of this case de novo upon the record, with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent an error of law. See Rule 13(d), Tennessee Rules of Appellate Procedure. No presumption attaches to conclusions of law. Adams v. Dean Roofing Co., 715 S.W.2d 341, 343 (Tenn. Ct. App. 1986).

2

The court awarded to the wife all equity in the parties' house. Additionally, the court decreed that the husband, pending the sale of the property, would pay the monthly payments on the home in the amount of $1,548.00 for the months of May, June and July, 1997. He was further ordered to pay $725.00 per month directly to the wife for support and alimony. Beginning in August 1997 or upon the sale of the house, whichever occurred first, he was ordered to pay $1,500.00 per month as alimony in futuro to the wife and further providing for termination of the alimony contingent upon circumstances not material to this appeal. The court also ordered the husband to maintain health insurance on the wife for a period of 24 months beginning in June of 1997.

Upon appellant's motion to alter or amend the judgment, the court ordered the husband to pay spousal support in the amount of $2,150.00 per month until the sale of the parties home. Upon the sale of the home, the husband's obligation to pay alimony in futuro was reduced to the sum of $1,500.00 per month.

T.C.A. § 36-5-101(d)(1) provides:

It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not

3

feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property;

(I) The standard of living the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary

4

and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Upon consideration of all the above factors, as applied to the facts of this case, we are of the opinion the trial court's award of alimony is appropriate. While all of the above circumstances must be considered by the court, in this case, some critical attention must be given to the physical and mental condition of the wife and the degree of fault attributable to her in the breakup of the marriage.

The record reflects that the wife, in general, met her share of the marital responsibilities until she was seriously injured in an accident. The accident resulted in an onset of illness including fibro-myalgia and narcolepsy. Thereafter she took substantial doses of pain medication but asserts that she was nevertheless unable to obtain complete relief from the pain. She asserts that she began taking alcohol in conjunction with the pain medication in an effort to obtain relief. It seems clear that the combination of pain medication and the excessive use and abuse of alcohol and the

5

wife's erratic behavior as a result thereof, contributed to the deterioration of the marriage. This fact alone, however, was not the entire cause of the failure of the marriage. The wife also engaged in extramarital affairs including one of some seven years duration with the husband's former boss. While the husband did not become fully aware of the affair between his wife and former boss until after this action was instituted, this circumstance, nevertheless, does not detract from the wife's misconduct in engaging in the affair.

The court granted an absolute divorce to the husband on the grounds of inappropriate marital conduct. Suffice it to say that the court was justified in so doing and we do not deem it necessary to set out in detail the conduct of the wife which was, without question, inappropriate. We have briefly discussed the wife's misconduct solely for the purpose of showing that T.C.A. § 36-5-101(d)(K) relating to the relative fault of the parties as a factor in determining an award of alimony is a proper consideration. In view of the wife's physical condition, it seems clear that this is an appropriate case for alimony in futuro. It is likewise clear from the record that some of the wife's conduct about which the husband complains is responsible for at least a part of the wife's poor physical condition. While the trial court apparently made no finding nor reference to fault in awarding alimony, we find that

6

the record would justify a finding that this is an appropriate case in which consideration to fault should be given.

In any event, the record does not support a finding that the trial court abused its discretion is making an award of alimony. It is well-settled that in awarding alimony, the most important factor to consider is the need of the spouse who is awarded alimony followed by the ability of the obligor spouse to pay. <u>Campanali v. Campanali</u>, 695 S.W.2d 193, 197 (Tenn. App. 1985). Here the record is clear that the Wife has the need for alimony and the Husband has the ability to pay. In awarding alimony, the facts and circumstances of each case must govern. <u>Rush v. Rush</u>, 33 Tenn. App. 496, 232 S.W.2d 333 (1949). Fault, need, and ability to pay are essential considerations. <u>Gilliam v. Gilliam</u>, 776 S.W.2d 81, (Tenn. App. 1988). The award of alimony is in the sound discretion of the trial court and will not be disturbed on appeal absent a manifest showing of an abuse of discretion. <u>Ingram v. Ingram</u>, 721 S.W.2d 262, 264 (Tenn. App. 1986).

Perhaps the most informative and concise statements relating to an award of alimony are found in <u>Dudenhoeffer v. Dudenhoeffer</u>, wherein it is stated:

> ... trial courts have broad discretion in determin-
> ing whether to award alimony and in determining the

7

amount and duration of alimony. <u>Aaron v. Aaron</u>, 909 S.W.2d 408, 410 (Tenn. 1995); <u>Brown v. Brown</u>, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994); <u>Loyd v. Loyd</u>, 860 S.W.2d 409, 412 (Tenn. Ct. App. 1993); <u>Houghland v. Houghland</u>, 844 S.W.2d 619, 621 (Tenn. Ct. App. 1992); <u>Lancaster v. Lancaster</u>, 671 S.W.2d 501, 503 (Tenn. Ct. App. 1984). As a general rule, we are disinclined to alter a trial court's award of alimony unless it is not supported by the evidence or is contrary to the public policy embodied in the applicable statutes. <u>Brown</u>, 913 S.W.2d at 169; <u>Gilliam v. Gilliam</u>, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988); <u>Ingram v. Ingram</u>, 721 S.W.2d 262, 264 (Tenn. Ct. App. 1986).

The decision to award alimony is factually driven and requires a balancing of the factors enumerated in T.C.A. § 36-5-101(d)(1). <u>Denton v. Denton</u>, 902 S.W.2d 930, 932 (Tenn. Ct. App. 1995); <u>Loyd</u>, 860 S.W.2d at 412. The need of the spouse to whom alimony is awarded and the ability of the other to pay are two dominant factors to consider when deciding a proper award of alimony. <u>Kincaid [v. Kincaid]</u>, 912 S.W.2d [140] at 144; <u>Smith v. Smith</u>, 912 S.W.2d 155, 159 (Tenn. Ct. App. 1995); <u>McCarty v. McCarty</u>, 863 S.W.2d 716, 720 (Tenn. Ct. App. 1992); <u>Loyd</u>, 860 S.W.2d at 412; <u>Gilliam</u>, 776 S.W.2d at 86; <u>Lancaster</u>, 671 S.W.2d at 503. Moreover, the fault of a spouse in precipitating a divorce is also a consideration when determining an alimony award. T.C.A. § 36-5-101(d)(1)(K); <u>Gilliam</u>, 776 S.W.2d at 86.

A wife [or husband] whose marriage has been shattered by [a spouse's] misconduct should not be left in a financial condition inferior to [the] economic situation prior to the parties' divorce. <u>Aaron</u>, 909 S.W.2d at 410-11; <u>Gilliam</u>, 776 S.W.2d at 86; <u>Shackleford v. Shackleford</u>, 611 S.W.2d 598, 601 (Tenn. Ct. App. 1980). However, in recognizing the premise that a divorce should not economically prejudice an innocent spouse, this idea must be tempered by the statutory factors set forth in T.C.A. § 36-5-101(d)(1). <u>Brown</u>, 913 S.W.2d at 169-70.

<u>Dudenhoeffer v. Dudenhoeffer</u>, 1997 Tenn. App. LEXIS 460, 1997 WL 367671.

Here, the evidence clearly supports both the trial court's award of alimony and the amount awarded. We find no abuse of discretion. Accordingly, we find no merit in the wife's issue relating to alimony.

As to the wife's issue relating to attorney's fees at the trial level, the court made a specific finding that she had been awarded sufficient liquid assets to pay her own attorney fees.

> The decision to award attorney's fees to a party in a divorce proceeding, and the amount thereof, are largely within the trial court's discretion and will not be disturbed upon appeal unless the evidence preponderates against such a decision. Batson v. Batson, 769 S.W.2d 849, 862 (Tenn. App. 1988); Lyon v. Lyon, 765 S.W.2d 759, 762-63 (Tenn. App. 1988).

Houghland v. Houghland, 844 S.W.2d 619 (Tenn. App. 1992).

In this case, the evidence does not preponderate against the trial court's finding. The trial court did not abuse its discretion in denying an award of attorney's fees for services rendered in the trial court. Further, we find that this is not an appropriate case for an award of attorney's fees on appeal.

9

The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

                                  _____
                                  Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT NASHVILLE


JON HOSCHEIT,                    )  SUMNER CHANCERY
                                 )  C. A. NO. 01A01-9709-CH-00493
        Plaintiff-Appellee       )
                                 )
                                 )
                                 )
vs.                              )  HON. TOM E. GRAY
                                 )  CHANCELLOR
                                 )
                                 )
                                 )
JOHANNA G. HOSCHEIT,             )  AFFIRMED AND REMANDED
                                 )
        Defendant-Appellant      )


**<u>JUDGMENT</u>**


    This appeal came on to be heard upon the record from the Chancery Court of Sumner County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

    The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.


                              _____
                              Don T. McMurray, Judge


                              _____
                              Houston M. Goddard, Presiding Judge


                              _____
                              Charles D. Susano, Jr., Judge